1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11    BRIAN KEITH LAWS,              )       NO. CV 20-9202-FMO(E)
                                     )
12              Petitioner,          )
                                     )
13       v.                          )       ORDER OF DISMISSAL
                                     )
14    W.J. SULLIVAN (Warden),        )
      et al.,                        )
15                                   )
                Respondents.         )
16    _____)

17

18       Petitioner filed a "Petition for Writ of Habeas Corpus By a

19    Person in State Custody" on October 6, 2020.  The Petition seeks to

20    challenge a 1993 Los Angeles Superior Court criminal judgment

21    (Petition, p. 2).

22

23       Petitioner previously challenged this same Superior Court

24    judgment in a prior habeas corpus petition filed in this Court.  See

25    Laws v. Lamarque, CV 02-1032-RSWL(PJW).  On April 18, 2005, this Court

26    entered Judgment in Laws v. Lamarque, CV 02-1032-RSWL(PJW), denying

27    and dismissing the prior petition on the merits with prejudice.

28    ///

The Court must dismiss the present Petition in accordance with 28 U.S.C. section 2244(b) (as amended by the "Antiterrorism and Effective Death Penalty Act of 1996").  Section 2244(b) requires that a petitioner seeking to file a "second or successive" habeas petition first obtain authorization from the Court of Appeals.  See Burton v. Stewart, 549 U.S. 147, 157 (2007) (where petitioner did not receive authorization from Court of Appeals before filing second or successive petition, "the District Court was without jurisdiction to entertain [the petition]"); Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000) ("the prior-appellate-review mechanism set forth in § 2244(b) requires the permission of the court of appeals before 'a second or successive habeas application under § 2254' may be commenced").  A petition need not be repetitive to be "second or successive," within the meaning of 28 U.S.C. section 2244(b).  See, e.g., Thompson v. Calderon, 151 F.3d 918, 920-21 (9th Cir.), cert. denied, 524 U.S. 965 (1998); Calbert v. Marshall, 2008 WL 649798, at *2-4 (C.D. Cal. Mar. 6, 2008).  The dismissal of a habeas petition as untimely "constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)."  McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009).  Petitioner evidently has not yet obtained authorization from the Ninth Circuit Court of Appeals.  Consequently, this Court cannot entertain the present Petition.  See Burton v. Stewart, 549 U.S. at 157; see also Remsen v. Att'y Gen. of Calif., 471 Fed. App'x 571, 571 (9th Cir. 2012) (if a petitioner fails to obtain authorization from the Court of Appeals to file a second or successive petition, "the district court lacks jurisdiction to consider the

///

1  petition and should dismiss it.") (citation omitted).[1]

2

3      Petitioner's attempt to focus on the California Supreme Court's

4  denial of a 2020 collateral challenge to the 1993 Superior Court

5  judgment does not avoid the "second or successive" bar.  At base,

6  Petitioner still seeks to avoid the consequences of the Superior Court

7  sentence he is being compelled to serve.  Moreover,"federal habeas

8  relief is not available to address alleged procedural errors in state

9  post-conviction proceedings." Ortiz v. Stewart, 149 F.3d 923, 939

10  (9th Cir. 1998), cert. denied, 526 U.S. 1123 (1999); see Franzen v.

11  Brinkman, 877 F.2d 26, 26 (9th Cir.), cert. denied, 493 U.S. 1012

12  (1989) (holding that allegations of error in state's post-conviction

13  review are not addressable through habeas corpus proceedings); cf. 28

14  U.S.C. § 2254(a) (limiting federal habeas corpus relief to cases in

15  which there has been a "violation of the Constitution or laws or

16  treaties of the United States").

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25      For all of the foregoing reasons, the Petition is denied and

26  _____

27      [1]   This Court rebuffed two previous attempts by Petitioner
to bring a "second or successive" petition challenging the 1993

28  Superior Court judgment.  See Laws v. Soto, CV 13-2228-SJO(PJW);
Laws v. Dayey, CV 15-7304-SJO(PJW).

1  dismissed without prejudice.

2

3      LET JUDGMENT BE ENTERED ACCORDINGLY.

4

5          DATED: October 13, 2020.

6

7

8                              _____/s/_____
                                    FERNANDO M. OLGUIN
9                               UNITED STATES DISTRICT JUDGE

10

11  PRESENTED this 8th day of

12  October, 2020, by:

13

14  _____/s/_____
         CHARLES F. EICK
15  UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28